NORTH CAROLINA BOARD OF ARCHITECTURE v. HAZARD CANNON.

(Filed 18 June, 1965.)

APPEAL by plaintiff from *Copeland, S.J.,* December 1964 Assigned Civil Session of WAKE.

Defendant filed an answer in which, while admitting "that he is not licensed under the laws of North Carolina to practice architecture, that he has never applied for nor taken any examination given by the North Carolina Board of Architecture and that he has not been otherwise licensed or certified by the said Board as eligible to practice architecture in North Carolina and that he is not licensed as a 'registered engineer' under the laws of North Carolina," he denies that he violated any of the provisions of Chapter 83 of the General Statutes as alleged in the complaint.

This action came on to be heard before Judge Copeland at the December 1964 Assigned Civil Session of Wake County superior court, and the parties agreed in open court prior to the hearing that the hearing of this action should constitute a trial of the action before Judge Copeland without a jury, and that a final judgment should be rendered by the court on all matters and things in controversy between the

parties. Only the plaintiff offered evidence. Based upon the evidence offered by plaintiff, the court made findings of fact, the crucial ones of which we quote:

"4. That the office of the Building Inspector of the city of Durham has issued to Hazard Cannon the following building permits:

| "DATE AND PROPERTY LOCATION | TYPE OF STRUCTURE | COST |
|---|---|---|
| 5/17/60 — N/S Leon Street (2) | 8 Unit Apartment | $100,000 |
| 5/18/61 — 1306 Leon Street | 7 Unit Apartment | 75,000 |
| 10/9/63 — Leon Street | 6 Unit Apartment | 60,000 |
| 2/15/63 — Leon Street | 4 Unit Apartment | 36,000 |
| 5/22/63 — Buchanan Boulevard | 12 Unit Apartment | 100,000 |
| 3/10/64 — 2302 Lednum Street | 12 Unit Apartment | 85,725 |
| 3/10/64 — 2303 Lednum Street | 10 Unit Apartment | 71,425 |
| 3/10/64 — 2303 Lednum Street | 12 Unit Apartment | 85,725 |
| 3/10/64 — 2303 Lednum Street | 12 Unit Apartment | 85,725 |
| 3/10/64 — 2310 Lednum Street | 12 Unit Apartment | 85,725 |
| 3/10/64 — 2313 Lednum Street | 12 Unit Apartment | 85,725 |

"5. That the owner of the property upon which the aforementioned buildings were constructed or are being constructed was Hazard Cannon.

"6. That the owner, Hazard Cannon, prepared the plans for said buildings.

"7. That the aforementioned structures completed or being built by the defendant are constructed in accordance with the North Carolina State Building Code and the ordinances of the City of Durham."

Based upon his findings of fact, Judge Copeland made the following conclusions of law:

"1. That the defendant has not violated the provisions of Chapter 83 of the General Statutes of North Carolina.

"2. That the plaintiff is not entitled to the injunctive relief which it seeks in its complaint."

Based upon his findings of fact and his conclusions of law, Judge Copeland entered judgment adjudging and decreeing that the application of plaintiff for an injunction against the defendant be denied, that the action be dismissed, and that plaintiff be taxed with the costs.

From this judgment, plaintiff appealed to the Supreme Court.

*Arendell, Albright, Reynolds & Farmer by R. Mayne Albright for plaintiff appellant.*

*Spears, Spears & Barnes by Marshall T. Spears, Jr., for defendant appellee.*

PER CURIAM.  Plaintiff has three assignments of error to the effect that the court erred in sustaining defendant's objections to three questions that it asked its witness, John A. Parham, Chief Building Inspector for the city of Durham. These three assignments of error are overruled on the ground that plaintiff failed to insert in the record what the answers of Parham would have been had he been permitted to respond. *Board of Education v. Mann,* 250 N.C. 493, 109 S.E. 2d 175.

Plaintiff's fourth and last assignment of error is that the court erred in rendering and signing the judgment as set forth herein. This assignment of error is overruled. The judgment below is affirmed upon authority of the *North Carolina Board of Architecture v. C. A. Lee, ante,* 602, ...... S.E. 2d ......, decided this day.

Affirmed.